101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick FIELDS, Defendant-Appellant.
 No. 96-5264.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 2
 This is a direct criminal appeal in which counsel for the defendant-appellant moves to withdraw. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Defendant Derrick Fields was indicted in 1995 after having been apprehended in a Lexington, Kentucky, hotel room with large quantities of cocaine base, powder cocaine and marijuana. Pursuant to a plea agreement, Fields subsequently pleaded guilty to possessing cocaine base and cocaine with intent to distribute it, plus aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The court sentenced Fields to imprisonment for a term of 60 months. This appeal followed.
 
 
 4
 Counsel for Fields filed a motion to withdraw and a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Fields was served with copies on June 20, 1996, and was invited to respond. See Freels v. Hills, 843 F.2d 958, 961 & n. 3 (6th Cir.), cert. denied, 488 U.S. 997 (1988). He has not responded.
 
 
 5
 Jurisdiction is not an issue in this case, and Fields's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 6
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c), including an inquiry into Fields's capacity to offer the plea and a recitation of the factual basis for the plea. There is no defect in the plea proceedings.
 
 
 7
 Fields was sentenced under the guidelines. The record shows that Fields and his trial counsel were provided with a copy of the presentence report and that the court sustained their only substantive objection to the preliminary sentence calculation. The sentence imposed was one-half the statutory mandatory minimum (owing to the granting of a "substantial assistance" motion under U.S.S.G. § 5K1.1), and the motion clearly accounts for trial counsel's hesitation to raise too many issues at sentencing. The appeal lacks merit.
 
 
 8
 Accordingly, the motion to withdraw from representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation